UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF MISSISSIPPI

IN RE: BRIAN and BETTY RISHEL  
    DEBTORS

CASE NO. 08-10588-DWH

MERCHANTS AND FARMERS BANK     PLAINTIFF

VERSUS     ADV. PROC. NO. 08-01244-DWH

EDITH CAROLYN FRYAR, a/k/a
CAROLYN FRYAR, BETTY RISHEL,
and BRIAN RISHEL     DEFENDANTS

## OPINION

On consideration before the court is a motion to quash filed by Merchants and Farmers Bank ("M & F"), which will be treated and referred to herein as a motion to remand; a response to said motion having been filed by the debtors, Brian and Betty Rishel (the "Rishels"); and the court, having heard and considered same, hereby finds as follows, to-wit:

I.

The court has jurisdiction of the parties to and the subject matter of this proceeding pursuant to 28 U.S.C. §1334 and 28 U.S.C. §157. In this context, this court has jurisdiction to determine whether it has jurisdiction to consider this proceeding. *See, United States v. United Mine Workers of Am.*, 330 U.S. 258, 291 (1947); *Waffenschmidt v. MacKay*, 763 F.2d 711, 716 (5th Cir. 1985).

II.

This cause of action was originally initiated by M & F in the Chancery Court of Tippah County, Mississippi, against Edith Carolyn Fryar to reform a deed of trust or, alternatively, to

impose an equitable lien on approximately three acres of real property. At a hearing scheduled to consider a motion for summary judgment filed by Fryar, M & F discovered that the subject property had been conveyed by Fryar to her daughter, Betty Rishel, and her son-in-law, Brian Rishel.

The Chancery Court entered an order, dated September 3, 2008, finding that Betty and Brian Rishel, as the record owners of the subject property, were necessary parties to the litigation. M & F timely filed an amended complaint adding the Rishels as defendants. Counsel for the Rishels signed an acknowledgment of receipt of service of process on September 9, 2008, and filed an answer to M & F's amended complaint thirty days later on October 9, 2008.

The Rishels filed a voluntary Chapter 7 bankruptcy case on February 16, 2008, and were granted a discharge on June 11, 2008. The case was thereafter closed. Following a motion filed by the Rishels, an order reopening the bankruptcy case was entered on October 15, 2008. Thereafter, the Rishels filed a notice of removal of the Chancery Court cause of action to this court on November 14, 2008, sixty-six days after receipt of the aforesaid service of process and thirty-six days after filing an answer.

III.

The Rishels contend that their removal of the Tippah County Chancery Court case to this court complies with Rule 9027, Federal Rules of Bankruptcy Procedure, and 28 U.S.C. §1446.

Rule 9027(a)(3) states:

(3) TIME FOR FILING: CIVIL ACTION INITIATED AFTER COMMENCEMENT OF THE CASE UNDER THE CODE. If a claim or cause of action is asserted in another court after the commencement of a case under the Code, a notice of removal may be filed with the clerk only within the shorter of (A) thirty days after receipt, through service or otherwise, of a copy of the initial pleading setting forth the claim or cause of action

2

sought to be removed or (B) thirty days after receipt of the summons if the initial pleading has been filed with the court but not served with the summons.

Title 28 U.S.C. §1446(b) states:

The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the summons upon the defendant if such initial pleading has been filed in court and is not required to be served on the defendant, whichever period is shorter...

It is well settled law that removal statutes are to be strictly construed, and that all doubts will be resolved against a finding of proper removal. *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir. 1992); *Butler v. Polk*, 592 F.2d 1293, 1296 (5th Cir. 1979).

This court is of the opinion that the Rishels have not met the requirements of either Rule 9027(a)(3) or 28 U.S.C. §1446(b). The attorney for the Rishels signed an acknowledgment of receipt of service of process regarding the Tippah County Chancery Court cause of action on September 9, 2008. Subsequently, the Rishels filed both an answer to M & F's amended complaint and a motion to reopen their bankruptcy case on October 9, 2008. To establish timeliness, the Rishels contend that the date of the motion to reopen their bankruptcy case, which obviously was filed in the bankruptcy court, effectively serves as the date of the notice of removal. The language in the motion to reopen relied on by the Rishels is, "the debtors' case should be reopened to permit the debtors to remove the state court action to the bankruptcy court...". This language in a motion to reopen is simply not sufficient, primarily because removal statutes must be strictly construed, and because there was no actual notice of removal filed by the Rishels within the thirty day period following receipt of service of process. A legitimate notice of removal was not filed until November 14, 2008, which, as noted earlier, was approximately

sixty-six days after receipt of service of process and thirty-six days after filing an answer to the amended complaint. The argument that the motion to reopen should be treated as an informal notice of removal is not well taken.

The Rishels allege that M & F's motion to remand was untimely filed in violation of 28 U.S.C. §1447(c), which provides as follows:

> A motion to remand the case on the basis of any defect in the removal procedure must be made within thirty days of the filing of the notice of removal under §1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

The Rishels base their untimeliness argument on the premise that their motion to reopen complied with Bankruptcy Rule 9027(a)(3) and 28 U.S.C. §1446. Since the court has already determined that the motion to reopen could not qualify as an informal notice of removal, M & F's motion to remand, filed on December 9, 2008, was well within thirty days of the filing of the actual notice of removal.

Due to the procedural defect in the Rishels' removal effort, this court is obligated to remand this case to the Chancery Court of Tippah County, Mississippi. "Failure to remove within the thirty-day time limit set forth in §1446(b) constitutes a 'defect in removal procedure' within the meaning of §1447(c)." *FDIC v Loyd*, 955 F.2d 316, 320 (5th Cir. 1992). As supporting authority, the court would mention the case of *Hofmann v Money Mortgage Corporation of America*, 248 B.R. 79, (Bankr. W.D. Tex. 2000).

As a result of the decision regarding removal, there is no need to address the issue of subject matter jurisdiction.

IV.

A separate order will be entered contemporaneously herewith granting M & F's motion to remand.

This the 5th day of March, 2009.

/s/ David W. Houston, III
DAVID W. HOUSTON, III
UNITED STATES BANKRUPTCY JUDGE